**420**

Nelson R. RUFF, Respondent,

v.

INTERSTATE BOOK MANUFACTUR-
ERS, INC., Appellant.

No. KCD 28189.

Missouri Court of Appeals,
Kansas City District.

Dec. 27, 1976.

Robert L. Driscoll, Kansas City, for appellant; Stinson, Mag, Thomson, McEvers & Fizzell, Kansas City, of counsel.

Roger M. Phillips, Kansas City, for respondent; Shapiro, Polsinelli, Schulte, Wehrman & Welte, P. C., Kansas City, of counsel.

Before DIXON, P. J., PRITCHARD, C. J., and WASSERSTROM, J.

PRITCHARD, Chief Judge.

Upon Count III of his petition for damages for breach of contract, plaintiff filed a motion for summary judgment which was granted him in the amount of $13,429.16 and interest in the amount of $1,243.54. The issue is whether plaintiff has shown by unassailable proof that he was entitled to summary judgment as a matter of law. Rule 74.04(h); *Whited v. National Western Life Ins. Co.*, 526 S.W.2d 364, 366[2] (Mo. App.1975), and cases cited. Resolution of the issue requires a construction of plaintiff's written sales representative agreement between him and defendant; and a consideration of the depositions of plaintiff and defendant's witnesses.

Plaintiff pleaded, in Count III, that about November 1, 1969, he entered a sales representative agreement with defendant wherein he agreed to sell books and other products on a commission basis representing the difference between the net price of yearbooks manufactured by defendant and the retail price for which yearbooks were sold by plaintiff. That he did perform his contract obligations and sold books and other products through the middle of October, 1972, when he terminated his employment.

That defendant owed him $1,142.89 commissions because of sales made in 1971 and 1972; and that further plaintiff made sales and secured at least 17 orders for defendant during 1972 which were paid to defendant in the summer of 1973, upon which commissions were due plaintiff and were not paid him. That defendant disregarded plaintiff's repeated requests for accounting and payment, and "2. The retention by the defendants of the moneys due and owing the plaintiff constitutes a breach of the said contract and sales representative agreement between the plaintiff and defendant, as a result of which, plaintiff has been injured in the amount of $20,000." Judgment for that amount was prayed.

As here pertinent, defendant admitted entering the written sales agreement, "the terms of which speak for themselves" with plaintiff, and denied the allegations of Paragraph 2 (supra).

The November 1, 1969, Sales Representative Agreement had these provisions: "3. Representative hereby agrees, during the life of the contract, to devote his time and best endeavors to the business of the Company * * *." "5. Representative shall receive as his entire compensation for all services rendered by him under this agreement or otherwise as an employee of the Company, a commission representing the difference between the net price of the yearbooks as designated by the Company and the retail price for which the yearbook was sold by the Representative. The Company agrees to advance Representative $200.00 dollars per week for one year or until such time as his commissions from the Company are equal to, or more than, the amounts per month advanced by the Company, whichever comes first. . . . ." "7. * * * Representative agrees that he will, within reason, call on all prospects in his territory, satisfactorily service contracts and orders procured through his efforts and make any and all calls requested or directed by the Company. Representative agrees that he will diligently attempt to sell the products of the Company and cover the

territory assigned to him in a reasonable, diligent and prudent manner."

It is plaintiff's position that the provision of Paragraph 5 of the agreement, supra, that he "shall receive" compensation for services rendered entitles him, as a matter of law, to commissions on all sales made by him prior to the termination of his contract in October, 1972. He attaches little importance to the provision of Paragraph 7 requiring him "within reason, call upon all prospects in his territory, satisfactorily service contracts and orders procured through his efforts * * *" saying that "it is clearly unreasonable to require one to service accounts after termination of employment." Plaintiff concedes, in spite of his argument, that the servicing of contracts and orders, are a part of his job. If that is so, then what is "within reason" is a matter to be determined from all the facts and circumstances by the trier of the issue, and thus the issue is not one which should be disposed of by summary judgment.

 The provisions of Paragraph 7 requiring the servicing of orders and contracts by plaintiff is a dependent covenant to that requiring defendant to pay him compensation because the latter covenant is conditioned upon and subject to the performance promised by plaintiff. 17A C.J.S. Contracts § 344, p. 330. Thus, the burden of proof is upon plaintiff to show that he has performed all the conditions and requirements imposed upon him by his contract. *Giraldin Bros. Real Estate Company v. Stiansen,* 315 S.W.2d 636, 640[6] (Mo.App. 1958), and cases cited; and *Clarkson v. Standard Brass Mfg. Co.,* 237 Mo.App. 1018, 170 S.W.2d 407 (1943), where the contract provided for commissions on repeat orders "as long as you continue to use your best efforts to retain such business." The court, ruling against plaintiff because the conditions of the contract were not performed by him, said, 170 S.W.2d 414[2–5] " 'where a special contract exists, in order to entitle the broker to recover, he must show that he has fully complied with the terms and conditions thereof; for otherwise he has not completed his undertaking and has earned

no commission.' (Citing case.)" And, " 'It is elementary law that, when a contract is made upon a certain named condition, a party seeking to recover under such contract must bring himself within such condition.' * * * All contingencies upon which the agent's compensation is dependent must be met before the agent is entitled to compensation." Plaintiff's cited and relied upon case of *Mathews v. Knoll Associates, Inc.,* 388 S.W.2d 529 (Mo.App.1965), may be distinguished because the contract contained no dependent covenant relating to plaintiff's right of compensation. These cases above not only demonstrate that there were genuine issues of fact as to plaintiff's performance so as to entitle him to commissions (or a portion thereof if trial proceeds on the alternatively pleaded theory of quantum meruit) but hold that the burden of proof as to his performance was upon plaintiff. This latter matter disposes of his Point I contentions that defendant did not plead, and therefore cannot rely upon defective workmanship, a counterclaim for damages, or a reduction of claimed commissions.

■ The depositions and affidavits before the trial court show these general facts: A school yearbook salesman generally obtains his orders during spring semesters, which are to be made up and delivered the following spring. In the fall semesters, the salesman works with school staffs on a regular basis to assist them in putting together materials needed by the publisher to print and assemble the final product. Plaintiff followed this pattern until he left defendant's employment. Plaintiff had previously worked for another yearbook company, and after he left it, he did not receive full commissions on sales. Likewise, after he left defendant's employment, another person assumed his duties. Furthermore, when plaintiff was employed by defendant in 1969, he took the place of another commission salesman who had already obtained yearbook orders, and he was informed that he would receive one-half of the commissions on previously signed contracts. These depositions and affidavits show there are factual issues to be deter-

mined as bearing on the intent of the parties to the contract, the custom of the yearbook business, and the extent of plaintiff's performance. There is also a disputed factual issue to be determined by the trier of the fact as to whether plaintiff was the procuring cause from certain schools of yearbook orders.

The judgment is reversed and the case is remanded for trial on the issues raised by the pleadings.

All concur.